[Civ. No. 1466.   Third Appellate District.—August 8, 1916.]

## BRYAN ELEVATOR COMPANY (a Corporation), Appellant, v. HERBERT E. LAW, Respondent.

CONTRACT—INSTALLATION OF ELEVATOR PLANT—PURCHASE OF OLD MACHINERY—LIABILITY FOR LOSS.—Under the terms of a contract for the construction and installation of an elevator plant and service, which provided, among other things, that the owner of the building agreed to sell for the sum of one dollar in hand paid to the contractor all old elevator machinery, the contractor must sustain the loss thereof, where it removed the machinery to its shops, and it was there destroyed by fire, notwithstanding the contractor made a reduction in its bid in the contract of a certain sum on account of such old machinery, which was to be reinstalled and used as a freight elevator in the building in question.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Thomas, Beedy & Lanagan, for Appellant.

Edgar C. Chapman, for Respondent.

CHIPMAN, P. J.—The appeal in this case is from the third cause of action set forth in the complaint. The transcript appears to be in all respects the same as the same case, No. 1465, this day decided, *ante,* p. 204, [160 Pac. 170]. Why plaintiff's appeal was not urged in that case instead of making it the subject of a different number does not appear and is perhaps immaterial.

As a cause of action it is alleged that ''plaintiff sold and delivered to defendant, at his request, certain goods, to wit, elevator parts and supplies,'' for which defendant agreed to pay the sum of $2,053.10. The claim of plaintiff is that it is entitled to recover the sum of $2,053.10, in addition to what it claimed in the first cause of action, which was disposed of in the case numbered 1465, for certain parts of the old elevator machinery formerly in the Bishop Building, and that when it was destroyed by the disaster of April 18, 1906, it belonged to defendant and the loss was his. Among the provisions of the contract was the following: ''The owner agrees to sell for the sum of $1.00 here in hand paid to the contractor all old elevator machinery now installed in the Bishop Block, situated as described heretofore and hereby acknowledges and constitutes this his receipt for same.'' Plaintiff took possession of this machinery and removed it to its shops, where it was when destroyed. We think it clear that the title to the machinery was in plaintiff when it was destroyed, and we find nothing in the contract that would fix the loss upon defendant by such casualty. Indeed, the provision intended to cover losses by act of God would seem to relieve defendant from such loss. It is true that Mr. Greenbaum, president of plaintiff company, testified that because of having received this old machinery which was to be altered and reinstalled in the Monadnock Building, plaintiff reduced its bid in the contract one thousand six hundred dollars, ''for the privilege of using that freight machine for installation in the building.'' But if it was the property of plaintiff when destroyed, the use which plaintiff intended to make of it is immaterial. We cannot see that the loss was the less to it than it would

have been had it purchased the machinery from some other person.

Plaintiff's claim is that the parts thus lost it had to supply, for which defendant should pay. The court, in its ninth finding, recites the facts and finds, "that there is not now due, owing, and unpaid from the defendant to the plaintiff the sum of $2,053.10 or any part thereof."

We think the finding supported by the evidence and the judgment is therefore affirmed.

Hart, J., and Ellison, J., *pro tem.*, concurred.